IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


JARVIS M. HANDY             )
                              )
      v.                   )      NO. 3:06-0331
                              )
GANNETT SATELLITE INFORMATION   )
NETWORK, INC.               )


TO:    Honorable Robert L. Echols, District Judge


# R E P O R T   A N D   R E C O M M E N D A T I O N

By order entered April 7, 2005 (Docket Entry No. 3), the Court referred this action to the

Magistrate Judge for review under 28 U.S.C. § 1915(e)(2)(B) and for further proceedings under

28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure.

Presently pending before the Court is Defendant's motion to dismiss (Docket Entry No. 30).

Plaintiff has filed a response (Docket Entry No. 35) in opposition.  For the reasons set out below,

the Court recommends that the motion be denied.


## I. BACKGROUND

Plaintiff filed this action pro se and in forma pauperis on April 7, 2006, alleging that he was

wrongfully terminated from his employment at the Tennessean Newspaper ("Tennessean").  The

complete factual allegations set out in the complaint are as follows:

> I had been employed by "The Tennessean" since September 17, 2004.  On July 14,
> 2005, I was discharged from my employment.  In early July 2005, via a letter, I told
> a co-worker not to talk to me unless the topic she wished to discuss was work
> related.  Because this coworker was one of my many harassers on the job, I also

> wrote that I would pursue harassment charges if her behavior towards me continued. On July 12, 2005, I was suspended pending investigation of the letter. The letter was deemed to be a threat and I was terminated two days later.

See Complaint (Docket Entry No. 1) at 2. Attached to the complaint are copies of various documents, including a charge of discrimination filed by Plaintiff with the Equal Employment Opportunity Commission ("EEOC") against the Tennessean, dated June 1, 2005 (# 253-2005-02166); a charge of discrimination filed by Plaintiff against the Tennessean, dated September 23, 2005 (# 253-2005-03588); and a right-to-sue letter, dated November 22, 2005, issued by the EEOC for charge # 253-2005-03588.

By Order entered May 25, 2006 (Docket Entry No. 4), the Court construed Plaintiff's complaint as alleging a claim under Title VII of the Civil Rights Act of 1964 and ordered that process issue to the Tennessean. By Order entered October 16, 2006, the Court advised Plaintiff that, unless he filed an amended complaint setting out additional claims and a basis for such claims, the action would proceed upon only a single Title VII claim for wrongful discharge based upon retaliation. See Docket Entry No. 27 at 3. Plaintiff has not filed an amended complaint. Accordingly, the only claim raised by Plaintiff in this action is a claim under Title VII for a retaliatory discharge.

The Court, in the Order entered October 16, 2006, also granted Plaintiff's motion to substitute (Docket Entry No. 18) Gannett Satellite Information Network, Inc. ("Gannett") as the named defendant in the action and terminated the Tennessean. The Court found that the Tennessean is not an actual business entity but is merely the name of a daily newspaper that is published and

2

owned by Gannett.[1]  See Docket Entry No. 27 at 1-2.  Gannett was thereafter formally served with process through its registered agent for acceptance of service of process.

## II. MOTION TO DISMISS

Gannett has not filed an answer but has instead filed the pending motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Gannett argues that the lawsuit was not timely filed against it because Gannett was not named as a defendant within 90 days of Plaintiff's receipt of the right-to-sue letter.  Gannett asserts that the right-to-sue letter Plaintiff received from the EEOC is dated November 22, 2005, see Attachments to Complaint, but that Plaintiff did not take steps to name Gannett as a defendant until he filed his motion to substitute on July 28, 2006.

Alternatively, Gannett argues that Plaintiff fails to state a claim upon which relief can be granted.  Specifically, Gannett argues that factual allegations contained in attachments to the Complaint demonstrate that Plaintiff's Title VII claim is "terminally devoid of any evidence that Plaintiff engaged in protected activity" which led to a retaliatory termination.  See Docket Entry No. 31 at 8.  Additionally, Gannett contends that Plaintiff's complaint shows that, as a matter of law, it could not have accommodated Plaintiff's religious beliefs.

## III. PLAINTIFF'S RESPONSE IN OPPOSITION

Plaintiff asserts that he acted diligently as a pro se plaintiff in both initiating his EEOC complaints and filing the instant lawsuit.  He contends that the 90 day time limit should not apply

---

[1] In the Order, the Court also addressed several other issues, including Gannett's motion (Docket Entry No. 11) to quash service of process, for a more definite statement, and to dismiss.

3

because of the confusion surrounding the distinction between the Tennessean and Gannett. Plaintiff also argues that the substance of his lawsuit has merit.

## IV. STANDARD OF REVIEW

In evaluating the Complaint in the stance of a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true all of Plaintiff's allegations and resolve all doubts in Plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). The Court should not dismiss the complaint unless it appears beyond doubt that Plaintiff cannot prove any set of facts in support of his claims which would entitle him to relief. Id. at 12. A complaint must contain either direct or inferential allegations respecting all of the material elements of a claim to sustain a recovery under some viable legal theory. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988).

In evaluating the motion to dismiss, the Court may consider not only the allegations of the complaint, but also the content of documents attached to and referenced in the complaint. See Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997). Pertinent documents submitted by Defendant may also be considered by the Court, even if not attached to the complaint, if the documents are referred to in the complaint and are central to the claims at issue. Id. To this extent, the Court shall consider the four pages of EEOC documents attached to Defendant's motion to dismiss. See Appendix No. 1 to Docket Entry No. 32.

However, the Defendant has also submitted the affidavit of Elsie Eades (Docket Entry No. 32) in support of their motion to dismiss. The Court shall not consider this affidavit. Consideration of the affidavit would convert Defendant's motion into a summary judgment motion

4

filed under Rule 56 of the Federal Rules of Civil Procedure because the affidavit introduces evidentiary material which is outside the pleadings. Because Defendant has clearly filed its motion under Rule 12(b)(6), the Court shall view the motion as it was filed. If Defendant wishes to file affidavits in support of its arguments, it should do so via a properly filed motion under Rule 56 of the Federal Rules of Civil Procedure and Rule 56.01 of the Local Rules of Court.

## V. CONCLUSIONS

A. Timeliness

Plaintiff was required to file a lawsuit setting out his Title VII claim within 90 days of his receipt of the right-to-sue letter issued by the EEOC. See Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 557 (6th Cir. 1999). Plaintiff's right-to-sue letter is dated November 22, 2005, see Attachments to Complaint, but Plaintiff does not state in his complaint or in any other filing when he received the letter. The rule in the Sixth Circuit governing such a situation is that the 90 day time period begins to run after a five day period from the mailing date of the right-to-sue letter. Graham-Humphreys, 209 F.3d at 557, n.9. Thus, the 90 day time period began to run on November 28, 2005.

Plaintiff's complaint and application to proceed in forma pauperis ("IFP application") were received by the Clerk's Office on February 15, 2006, the 79th day of the 90 day time period. Although the complaint was not stamped "filed" until April 7, 2006, under Sixth Circuit law, the complaint is considered filed on the day the Clerk receives it, even if, as in this case, the IFP application was approved at a later date and the complaint was formally filed after the Court granted the IFP application. Dean v. Veterans Admin. Regional Office, 943 F.2d 667, 671 (6th Cir. 1991),

5

vacated and remanded on other grounds, 503 U.S. 902 (1992). See also Scott v. Evans, 116 Fed.Appx. 699, 701 (6th Cir. 2004) (citing Dean for same proposition); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998) (the 90 day period is tolled while an application to proceed in forma pauperis is being considered). Accordingly, Plaintiff's complaint was filed within 90 days of his receipt of the EEOC right-to-sue letter.

Plaintiff's complaint, however, named the Tennessean as the defendant. Plaintiff did not name Gannett as a defendant until he filed his motion to substitute on July 28, 2006 (Docket Entry No. 18). Gannett argues that it was not named as a defendant until after the 90 day time period had expired and, thus, it was not timely named as a defendant. Anticipating a possible defense to this argument, Defendant argues that the relation back doctrine does not apply.

Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint [120 days after the filing of the complaint], the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Because the issue in this action involves Plaintiff's changing of the name of the party against whom the action is brought, the provisions of Rule 15(c)(3) apply. Plaintiff's substitution of Gannett

6

for the Tennessean will relate back to the timing of the original filing only if: (1) the claim in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the initial complaint; (2) Gannett received such notice of the claim within the time period provided by Rule 4(m) for service of the summons and complaint that Gannett will not be prejudiced by defending the suit; and (3) within the same time period, Gannett knew or should have known the action would have been brought against it had a mistake not been made by Plaintiff.

The Court's review of the record in this action shows that the three requirements for relation back have been satisfied. Accordingly, Plaintiff's naming of Gannett as the Defendant in his motion to substitute relates back to the filing of his original complaint and his claim against Gannett shall be considered as timely filed.

With respect to the first requirement for relation back, the motion to substitute is based upon the exact same claim as set out in the original complaint.

With respect to the second requirement, the Court initially notes that the time period set out in Rule 4(m) and referred to in Rule 15(c)(3) for service of the summons and complaint is "120 days after the filing of the complaint." The instant complaint was filed on April 7, 2006. If Rule 4(m) is read literally, the 120 day time period would begin to run on April 7, 2006. However, by order entered April 7, 2006 (Docket Entry No. 3), process was not issued at the time the complaint was filed and the action was instead referred to the Magistrate Judge for review under 28 U.S.C. § 1915(e)(2). By order entered May 25, 2006 (Docket Entry No. 4), the Court found that the complaint survived review under Section 1915(e)(2) and ordered that process issue upon Plaintiff's return of service packets to the Court. The service packets were returned on June 1, 2006, and the Clerk was directed to issue process by order entered June 6, 2006 (Docket Entry No. 6).

7

The provisions of 28 U.S.C. § 1915(d) and Rule 4(c)(2) of the Federal Rules of Civil Procedure relieve a plaintiff who is proceeding in forma pauperis from personally serving the summons and complaint. In such cases, the Court is obligated to order the United States Marshal to effectuate service on behalf of the plaintiff. Byrd v. Stone, 94 F.3d 217, 219 (6th Cir. 1996). Accordingly, the 120 day time period in the instant case begins to run not from the date the complaint was filed but from the order of May 25, 2006, when the Court ordered that process issue.

It is apparent that Gannett received notice of Plaintiff's lawsuit within 120 days of May 25, 2006, as evidenced by the motion it filed on June 29, 2006, to dismiss or in the alternative, to quash service and service of process and to strike, or in the alternative for a more definite statement. See Docket Entry No. 11. Further notice was provided by Plaintiff's motion to substitute Gannett as the defendant, which was filed on July 25, 2006. See Docket Entry No. 25.

As to the third requirement, the only reasonable reading of Plaintiff's complaint is that Plaintiff is suing his employer for an act which occurred during his employment at the Tennessean. It is clear that Plaintiff believed he was employed by the Tennessean and was unaware of the fact that the Tennessean is not an actual legal entity but is a product owned by Gannett. As such, Gannett knew or should have known that, but for Plaintiff's mistaken belief of who his actual employer was and who the proper defendant was, Gannett would have been named in the complaint instead of the Tennessean.

Although Defendant argues that the relation back doctrine does not apply, Defendant does not analyze the issue in terms of the well settled requirements of Rule 15(c). Instead, Defendant argues that Plaintiff is required to show that he exercised due diligence but could not and did not discover the true identity of the proper defendant within the filing deadline. See Defendant's Brief

8

in Support (Docket Entry No. 31) at 4.[2]  Defendant bases this argument upon the unpublished per curium decision in <u>King v. Nation</u>, 917 F.2d 1304, 1990 WL 170424 (6th Cir. 1990).  The Sixth Circuit in <u>King</u> stated:

> Typically, Rule 15(c) has been applied to situations where the plaintiff mistakenly named the wrong party, was unaware of the defendant's proper name, or was unaware of defendant's existence at the time the original complaint was filed.  <u>See</u> <u>Ringose v. Engelberg Huller Co.</u>, 692 F.2d 403 (6th Cir. 1982); <u>Wynne v. United States</u>, 382 F.2d 699 (10th Cir. 1967).  However, relation back is improper where plaintiff could have discovered the identity of the defendant through due diligence or knew of the defendant but failed to name him within the limitation period.

The Court is unpersuaded by Defendant's argument for several reasons and does not agree that Plaintiff is required to show due diligence in order to satisfy the test for relation back under Rule 15(c).  First, the language of Rule 15(c), despite setting out several requirements for relation back, does not itself require any showing of due diligence.  Second, the due diligence requirement in <u>King</u> has not been subsequently relied on in any published Sixth Circuit opinion.

Further, while the court in <u>King</u> found that relation back under Rule 15(c) did not apply, the decision did not rely upon the plaintiff's lack of due diligence in failing to discover the identity of the defendant sought to be added.  Indeed, at the time the plaintiff in <u>King</u> filed his lawsuit, he knew of the three individuals he later sought to add as defendants and knew of their roles in the alleged

---

[2] Defendant asserts that Plaintiff was on notice that The Tennessean was not the proper defendant because the right-to-sue letter "explicitly states" that it was sent to Gannett.  Defendant is correct that the EEOC right-to-sue letter "cc'd" Gannett.  <u>See</u> attachments to Docket Entry No. 1.  However, the right-to-sue letters did not name Gannett as Plaintiff's employer.  As Plaintiff points out, the EEOC also sent a notice of Plaintiff's July 25, 2005, complaint to the Human Resources Manager at the Tennessean. <u>See</u> Attachment to Docket Entry No. 32.

In addition, as the Court noted in the Order entered October 16, 2006 (Docket Entry No. 27, at 1 n.1), Plaintiff's pay checks reflect both "Gannett" and "The Tennessean," with "The Tennessean" more prominent.  <u>See</u> Docket Entry No. 3-2.  Finally, the July 14, 2005, letter to Plaintiff from the Telemarketing Manager lists only "The Tennessean" and refers to Plaintiff's employment at "The Tennessean."  <u>See</u> attachments to Complaint.

9

wrongdoing.  He simply chose not to name them in his original complaint and, thus, failed to satisfy the "mistaken identity" requirement of Rule 15(c)(3).  In this respect, the decision in <u>King</u> is significantly distinguishable from the instant action and of little relevance.  The plaintiff in <u>King</u> was not attempting to change the party or the naming of the party against whom his action was brought.  Instead, he was attempting to add completely new defendants to the action after the statute of limitations for the claims against them had run despite knowing about their identities at the time his lawsuit was filed.  The plaintiff in <u>King</u> could not possibly show that the proper parties would have been named but for a mistake concerning the parties' identities.

<u>White v. Swift Transportation Corporation</u>, 2005 WL 3240587 (E.D. Tenn 2005), upon which Defendant also relies in support of its due diligence argument, is similarly distinguishable.  <u>White</u> did not involve a case of misnomer or mistaken identity, but instead involved plaintiffs who were attempting to substitute a new defendant after the statute of limitations had expired.  Like the plaintiff in <u>King</u>, the plaintiffs in <u>White</u> knew the identity of the defendant they sought to add prior to the filing of their lawsuit but did not name the entity as a defendant.  The Court in <u>White</u> did not address a "due diligence" requirement, but instead focused on the fact that the plaintiffs had known the identity of the new defendant because they had initially named it as a defendant in their first lawsuit that was voluntarily dismissed.  Thus, the Court reasoned that the plaintiffs had not satisfied the misnomer or mistaken identity requirement of Rule 15(c)(3).

As an alternative basis for dismissal of the action as untimely, Defendant argues that, assuming relation back does apply, Plaintiff still failed to file his complaint in a timely fashion because he did not move to add Gannett as a defendant in a timely manner.  Gannett asserts its motion to dismiss filed on June 29, 2006, gave Plaintiff notice that his former employer was Gannett

10

not the Tennessean. Defendant contends that Plaintiff's claim against it relates back to the day Plaintiff received this motion and he was required to move to amend his complaint within the time remaining in the 90 day time period.

The Court finds no merit in this argument. Contrary to Defendant's argument, relation back under Rule 15(c) does not toll the running of the statute of limitations in the manner of equitable tolling such that the statute can begin to run again once tolling no longer applies. Once the Court finds that relation back under Rule 15(c) applies, the amendment "relates back to the date of the original pleading." If the original pleading was timely filed, an amendment which is found to relate back to that pleading under Rule 15 is likewise viewed as timely filed.


B. Failure To State A Claim

Plaintiff's retaliation claim is based upon 42 U.S.C. § 2000e-3(a), which provides in relevant part as follows:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because [the employee] has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

This section prohibits an employer from retaliating against an employee who has "opposed" any practice made unlawful under Title VII or who has "participated" in any manner in an investigation under Title VII. See Morris v. Oldham County Fiscal Court, 201 F.3d 784, 791-92 (6th Cir. 2000); Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1312 (6th Cir. 1989).

In order to make out a prima facie case of retaliation, Plaintiff must establish that: (1) he engaged in activity protected by Title VII; (2) this exercise of protected rights was known to

11

Defendant; (3) Defendant thereafter took adverse employment action against him; and (4) there was a causal connection between the protected activity and the adverse employment action. Morris, supra. If Plaintiff succeeds in making out the elements of a prima facie case, "the burden of production of evidence shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for its actions." Id. at 792-93 (quoting McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)). If Defendant satisfies its burden of production, the burden shifts back to Plaintiff to demonstrate "that the proffered reason was not the true reason for the employment decision." Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 256, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Although the burden of production shifts between the parties, Plaintiff bears the burden of persuasion throughout the process. Morris, 201 F.3d at 793.

Defendant first argues that Plaintiff fails to state a claim upon which relief can be granted because the factual allegations contained in the pleadings show that Plaintiff's termination from employment occurred on July 14, 2005, which was more than ten days prior to Plaintiff's filing of an EEOC Charge of Discrimination on July 25, 2005. Defendant argues that, as a matter of law, it could not have discharged Plaintiff in retaliation for his filing of the EEOC charge because it had no knowledge of the charge at the time of the termination. See Docket Entry No. 31 at 8-9.

Defendant's argument would make sense if the EEOC Charge of Discrimination filed on July 25, 2005, was the only EEOC Charge filed by Plaintiff. However, as clearly shown by the attachments to the complaint, Plaintiff's first EEOC Charge of Discrimination was filed on June 1, 2005, well before his termination. See Charge # 253-2005-02166. As such, Defendant's argument for dismissal on this theory is not supported by the undisputed facts and fails to support its motion.

12

For the purposes of considering the motion to dismiss, the Charge of Discrimination filed by Plaintiff on June 1, 2005, constitutes a protected activity for the Plaintiff's prima facie case.

Defendant next argues that Plaintiff's Title VII retaliation claim should be dismissed because this claim is based, in part, on Plaintiff's belief that Defendant retaliated against him for sending a letter to one of his co-workers. In the letter, Plaintiff complains to the co-worker about her conduct towards him, asks her to cease talking to him unless the topic is directly related to work, and states that he will pursue harassment charges against her if her behavior continues. See Complaint at 2 and Attachment to Docket Entry No. 11. Defendant argues that this letter does not constitute a protected activity for the purposes of proving a prima facie case of retaliation under Title VII.

To the extent that Defendant argues that Plaintiff's letter to his co-worker does not constitute a protected activity, Defendant is correct. Even given the most liberal reading, there is nothing in the letter at issue which can reasonably be construed as opposing an unlawful employment practice. See George v. Leavitt, 407 F.3d 405, 417 (D.C. 2005). The letter merely evidences some type of personality issue between Plaintiff and his co-worker. Whatever Plaintiff's subjective reasoning may have been behind sending the letter, the letter itself does not constitute an opposition to an unlawful employment practice. Defendant's argument is irrelevant, however, because the Charge of Discrimination Plaintiff filed on June 1, 2005, satisfies the protected activity element of his prima facie case.

For the reasons set out herein, the Court finds that the arguments made by Defendant in its motion do not support dismissal of the action under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3]

### R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that Defendant's motion to dismiss (Docket Entry No. 30) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

---

[3] In their respective filings, the parties have discussed religious accommodation, see Defendant's Memorandum in Support (Docket Entry No. 31 at 13-14), as well as hostile work environment, see Plaintiff's Response (Docket Entry No. 35) at 3. The sole claim in this action, however, is Plaintiff's claim that he was terminated in retaliation for his EEOC Charge of Discrimination. See infra at 2-3.

14