# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JARVIS M. HANDY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:06-0331 |
| | ) Judge Echols |
| GANNETT SATELLITE INFORMATION NETWORK, INC., | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is a Report and Recommendation ("R & R") (Docket Entry No. 36) from the Magistrate Judge which recommends denying Defendant's Motion to Dismiss (Docket Entry No. 30) this action by pro se Plaintiff alleging retaliation in violation of Title VII. Defendant has filed an Objection to the R & R (Docket Entry No. 39).

When a party makes timely objections to a Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). See, Fed.R.Civ.P. 72(b). That de novo review leads this Court to conclude that the R & R should be approved.

Defendant raised two grounds in its Motion to Dismiss – the alleged untimeliness of Plaintiff's claim and Plaintiff's alleged failure to state a claim upon which relief could be granted under Fed. R. Civ. P. 12(b)(6). In its Objection, Defendant only challenges a portion of the Magistrate Judge's conclusion that Plaintiff's claim was not untimely.

1

In recommending denial of the motion to dismiss on untimeliness grounds, the Magistrate Judge concluded that Rule 15(c)(3) of the Federal Rules of Civil Procedure, which relates to the relation back of complaints, does not require a plaintiff who has named an improper defendant to show due diligence in determining the true identity of the proper defendant within the filing deadline. Instead, in the Magistrate Judge's opinion, Rule 15(c)(3) requires several things for a new complaint to relate back to the original filing, but that Plaintiff need not show that, despite exercising due diligence, he could not and did not discover the true identity of the proper defendant within the filing deadline. Based upon out-of-circuit precedent, an unreported per curiam Sixth Circuit decision (King v. Nation, 1990 WL 170424 (6th Cir. 1990)), and an unpublished Eastern District of Tennessee case (White v. Swift Trans. Corp., 2005 WL 3240587 (E.D. Tenn. 2005)), Defendant claims the Magistrate Judge erred in failing to impose a "due diligence" requirement in order for Plaintiff to avail himself of the relation back provision of Rule 15(c)(3).

Having considered the matter de novo, the Court agrees with the Magistrate Judge's conclusion, as well as the analysis used to arrive at that conclusion. As the Magistrate Judge aptly observed, Rule 15(c)(3) requires three things for an amended complaint to relate back: (1) the claim asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading; (2) within the time limit provided for service of summons and complaint defendant has received such notice of the institution of the action that it will not be prejudiced; and (3) within that same time period, the new defendant knew or should have known that, except for a mistake concerning the identity of the proper party, the action would have been brought against the party sought to be held responsible in the amended pleading. Nowhere in those specific provisions is there a requirement that the plaintiff exercise due diligence.

It is true that in both King and White, the courts mentioned due diligence on the part of the plaintiff. However, they did so only in passing, and neither case is controlling since the Sixth

Circuit's decision is unpublished and the Eastern District of Tennessee is a sister district court. Further, while the district court in White mentioned King, neither case has been subsequently cited for the proposition that a plaintiff must exercise due diligence in order to avail himself of the relation back provisions of Rule 15(c)(3).

In any event, both King and White involved an entirely different fact pattern than that presented in this case. As the Magistrate Judge noted, both involved a situation where the plaintiff knew the proper defendant at the time of filing the lawsuit but only attempted to add the proper defendant after the statute of limitations had run. Here, Plaintiff sued what he thought to be the proper party, his former employer, the Tennessean, instead of Gannett Satellite Information Network which publishes and owns the Tennessean. It is not as if Gannett was unaware of this lawsuit until after the time for service of process since it filed a motion to dismiss or quash service of process within the 120-day period for service of process. Defendant's objection relating to relation back of the complaint is overruled.[1]

Defendant also conclusorily asserts that the Magistrate Judge erred in concluding the Defendant received apparent notice of Plaintiff's Complaint before Defendant was made a party to the action. However, as the Magistrate Judge noted, Gannett apparently received notice of Plaintiff's lawsuit within 120 days of this Court's May 25, 2006 Order requiring that process be

---

[1] Defendant argues that if the Magistrate Judge's recommendation is approved, this would mean that if a plaintiff files a Title VII claim against the wrong person he can wait as long as he wants to amend his Complaint to add the right defendant and this would eviscerate the requirement that a Title VII complaint be filed within 90 days of receipt of a right to sue letter. (Docket Entry No. 39 at 3). Leaving aside that Plaintiff in this case did not wait an undue time since he sought to substitute Defendant within thirty days of receiving notice of the proper Defendant, Defendant's fears are unfounded because Rule 15(c)(3) itself requires that within the time period for the service of summons and complaint, the defendant sought to be added knows of the institution of the suit and will not be prejudiced in maintaining a defense on the merits.

3

issued as evidenced by the fact that on June 29, 2006, Gannett filed a motion to dismiss, quash, or strike service. (Docket Entry No. 11). This objection is overruled.

Accordingly, the Report and Recommendation (Docket Entry No. 36) is hereby APPROVED and ADOPTED. Defendant's Motion to Dismiss (Docket Entry No. 30) is hereby DENIED.

As the Plaintiff is proceeding pro se, this case is returned to the Magistrate Judge pursuant to Rule 72(a) and (b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) and (B), for consideration of all pretrial matters, including submission of proposed findings of fact and recommendations for disposition of any further dispositive motions. Additionally, the Magistrate Judge shall schedule trial and pretrial conference dates. The Magistrate Judge shall coordinate the setting of a trial date with Judge Echols' courtroom deputy.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE